-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARK ALAN CARLSON, 05B0916,

                Plaintiff,

                                  DECISION AND ORDER
    -v-                            06-CV-6621P

MR. JAMISON PARRY,

                Defendant.

## INTRODUCTION

Plaintiff, Mark Alan Carlson, an inmate of the Livingston Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No.). Plaintiff claims that the defendant, Jamison Parry, violated his rights by the manner in which he threatened plaintiff relating to his work assignment and programs. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, but unless plaintiff files an amended complaint as directed below, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Plaintiff's claim that he was threatened by an employee of the Livingston Correctional Facility is subject to dismissal with prejudice. Plaintiff alleges that upon entering the Livingston correctional facility he was required to speak with the senior corrections counselor. That DOCS official, Jamison Parry, told him he would be assigned to the messhall. When plaintiff said that the currently ill-fitted and broken prosthesis for his amputated leg would not allow him to stand for that

job, the counselor grudgingly allowed him 30 days to resolve his physical problem. Parry threatened plaintiff in vulgar sexual terms that if he did not attend every AA call out, defendant would stick "so many programs so far up [his] ass that [he] won't be able to sit down long enough to visit [his] mama when she comes to visit." Plaintiff objects to the threats if he does not attend a religiously based program, vulgar language, threats of violent sexual behavior, and vulgar references in connection with his 81 year-old mother who recently suffered a stroke.

Plaintiff has alleged only an isolated occasion of verbal abuse and no actual deleterious acts. Plaintiff claims that he was verbally abused, taunted and threatened by defendant Parry and that his Eighth Amendment right to be free of cruel and unusual punishment has been violated by this verbal abuse. However, "harassment or profanity alone, unaccompanied by any [physical] injury, no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983." *Shabazz v. Pico*, 994 F. Supp. 460, 471 (S.D.N.Y. 1998) (citation and internal quotation marks omitted); *accord*, *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (finding that plaintiff's allegations that he was bumped, grabbed, elbowed, and pushed by a corrections officer and subjected to isolated episodes of verbal and physical harassment do not singly or cumulatively meet the objective or subjective components of the Eighth Amendment standard); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (affirming the dismissal of a claim that a prison guard called plaintiff names). Plaintiff makes no allegation of any physical injury whatsoever arising out of the incidents described in the complaint, and therefore his complaint does not allege a violation of his right to be free from cruel and unusual punishment.

However, the Court will permit plaintiff to file an amended complaint in which the necessary allegations regarding this issue are included. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994)

("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"). Although plaintiff does not allege that Parry acted on any of his threats, he may have failed to allege these acts believing that allegations of the actual acts was unnecessary. If plaintiff was actually subjected to discriminatory behavior in his programming , work placement, or otherwise, he may amend the complaint to so state.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **May 8, 2007** in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B).  *See* 28 U.S.C. § 1915(g).

### ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **May 8, 2007**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **May 8, 2007**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **May 8, 2007**, the Clerk of the Court shall close this case as dismissed with prejudice without further order.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

DATED:   April 9, 2007
Rochester, New York

4