FILED

2007 SEP 18 AM 11:51

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARK ALAN CARLSON, 05B0916,

    Plaintiff,

-v-

MR. JAMIESON PARRY; NEW YORK STATE
DEPARTMENT OF CORRECTIONAL SERVICES;
SUPERINTENDENT CULLY, Livingston Corr. Facility;
LIEUTENENT YONKERS, Livingston Corr. Facility;
C.O. BRIAN CLIFFORD, Livingston Corr. Facility and
STEVE SMITH (Vocational Coordinator), Livingston C.F.;

    Defendants.

_____

**DECISION AND ORDER**
06-CV-6621P

By Order dated July 15, 2007 plaintiff was granted permission to file a supplemental complaint to address incidents that had occurred since the filing of the complaint (Docket # 8). Plaintiff has filed this Supplemental Complaint which names four additional defendants, and alleges that plaintiff has been retaliated against because he has filed the instant complaint and another claim in the New York State Court of Claims related to the events sited in the original complaint. Plaintiff's Supplemental Complaint has been reviewed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A

Plaintiff's operative pleading is hereby deemed to consist of the original Complaint and the Supplemental Complaint. The Supplemental Complaint may go forward except for the claim of denial of procedural due process in the

disciplinary proceeding. Plaintiff's substantive due process claim relating to the retaliatory nature of the disciplinary charges because of his attempt to seek redress of grievances may go forward with his other supplemental claims. However, his procedural due process claim relating to the conduct of the disciplinary proceeding may not go forward. Plaintiff has not shown that his sentence was atypical and significant. Such a showing would be necessary to give rise to a liberty interest that would allow an independent claim for denial of procedural due process rights, such as denial of witnesses, during the disciplinary hearing process. *See, Sandin v. Conner,* 515 U.S. 472, 484(1995); " *see also, Ortiz v. McBride,* 323 F.3d 191, 195 & n. 1 (2d Cir.2003)(SHU confinements of fewer than 101 days can constitute atypical and significant hardships if the conditions were more severe than the normal SHU conditions).[1]

Because plaintiff is proceeding in this action *in forma pauperis*, the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Complaint, Supplemental Complaint, and this Order upon defendants

---

[1] If the Court had found a protected liberty interest, plaintiff would need to address the issues recently raised in *Peralta v. Vasquez, et al.,* – F.3d – (Docket No. 04-2822) (2d Cir. Oct. 17, 2006) when a challenged disciplinary hearing determination has resulted in conditions of confinement claims as well as duration of sentence issues such as when the sentence included recommended loss of good time. In *Peralta* the Second Circuit held "that a prisoner subject to such mixed sanctions [impacting both the conditions of confinement and the duration of the confinement] can proceed separately, under § 1983, with a challenge to the sanctions affecting his conditions of confinement without satisfying the favorable termination rule, *but that he can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement.* In other words, the prisoner must abandon, not just now, but also in any future proceeding, any claims he may have with respect to the duration of his confinement that arise out of the proceeding he is attacking in his current § 1983 suit." *Id.* Plaintiff indicates that he currently is appealing the sentence, suggesting his disinclination to abandon this claim at this time.

Parry, New York State Department of Correctional Services, Cully, Yonkers, Clifford and Smith, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in the plaintiff's favor. Service of the Supplemental Complaint on any defendants who have already appeared in this action shall be made by the Clerk's mailing of a copy of the amended complaint to each such defendant's attorney of record.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: Sept. 17, 2007